IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                                                     CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Randal Burnett's Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doc. 16.* Having reviewed the Motion and the accompanying briefing (*docs. 17, 38, 45, 62, 66, 67, 70*) and being fully advised, I recommend that the Court grant Defendant's Motion.

### I. BACKGROUND

Plaintiff Gerald Taylor's lengthy and somewhat jumbled *pro se* Complaint appears to arise from a series of events commencing in April 2009 when Defendant Kathleen Hayes Burns assumed power of attorney over Plaintiff's wife, and culminating in the August 2012 removal of Plaintiff's wife from Plaintiff's residence.[1]

Plaintiff is a ninety-eight year old man residing in Portales, New Mexico. *Doc. 1* ¶¶ 1, 23. He is married to Zell Chapman Taylor, who suffers from dementia. *Id.* ¶ 19.

---

[1] Because this matter is before the Court on a motion to dismiss under Rule 12(b)(6), the facts as alleged by Plaintiff are accepted as true. Consequently, the facts in this section are drawn from Plaintiff's Complaint.

At some unspecified date, but by April 2009, Defendant Kathleen Hayes Burns obtained power of attorney over Mrs. Taylor. *Id.* ¶ 20. Defendant Burns apparently used this power of attorney to appoint Defendant Randal Burnett as trustee of Mrs. Taylor's estate. *Id.* ¶ 24. Acting pursuant to this authority, Defendant Burnett took a series of actions between April 2009 and August 2012, including visiting Plaintiff's residence, directing Defendant Meeks to visit Plaintiff's residence, and intercepting Mrs. Taylor's mail. *Id.* ¶¶ 22, 24-28. Finally, on August 18, 2012, Mrs. Taylor was removed from her shared residence with Plaintiff at the behest of at least some of the Defendants, although Plaintiff does not directly name Defendant Burnett as a participant. *Id.* ¶¶ 29-32. Since her removal, contrary to Plaintiff's wishes, Mrs. Taylor has resided in a nursing facility. *Id.* ¶ 44.

On January 8, 2013, Plaintiff filed his Complaint "pursuant to [42 U.S.C.] sections 1983, 1985, 1986, and 1988." *Id.* at 4. Although he does not specify which claims are brought pursuant to which civil rights statutory vehicle, he alleges numerous federal constitutional violations against each of the named Defendants. *See generally id.* Against Defendant Burnett specifically, Plaintiff states claims for violations of his First, Fourth, Eighth, and Fourteenth Amendment rights on a variety of bases, including conspiracy to commit kidnapping, emotional and elderly abuse, fraud, trespass, stalking, and threats, as well as commission of harassment, trespass, stalking, and unlawful seizure of Mrs. Taylor's mail. *Id.* ¶¶ 22, 24, 25, 27, 45, 46, 50, 52.

2

Defendant Burnett filed his Motion to Dismiss on February 1, 2013. *Doc. 16*. Briefing was complete on the Motion on March 7, 2013. On March 28, 2013, Plaintiff filed three motions styled as Motions to Strike, as well as a Motion for sanctions, relating to Defendant's Motion to Dismiss. *See docs. 62, 66, 67, 70*. Having reviewed these motions, I find that Plaintiff's sanctions motion and motion to strike Defendant Burnett's exhibits (*docs. 62, 70*) are moot and his remaining motions to strike (*docs. 66, 67*) should be treated as surreplies to Defendant's Motion to Dismiss.

## II.    THE LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)). When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). The court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465

4

(10th Cir. 1994). Nor is the Court required to accept as true legal conclusions that are presented as factual allegations. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ( quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III. ANALYSIS

Because I must broadly construe Plaintiff's Complaint, I will first clarify the legal framework surrounding the causes of action brought against Defendant Burnett. The typical vehicle for civil rights claims such as Plaintiff's is 42 U.S.C. § 1983. *See Garcia v. Wilson*, 731 F.2d 640, 649 (10th Cir. 1984) ("To establish a claim under section 1983, a plaintiff must prove action under color of state law resulting in the deprivation of constitutional or federal rights."). Section 1985 provides a remedy for a conspiracy to violate a person's civil rights. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Section 1986 provides a cause of action for those who are aware of, and fail to prevent, violations of Section 1985. 42 U.S.C. § 1986. Section 1988 "allows the award of a

reasonable attorney's fee to the prevailing party in various kinds of civil rights cases." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (internal quotation marks omitted).

Having set forth the scope of Section 1983, 1985, 1986, and 1988 claims, I construe Plaintiff's causes of action against Defendant Burnett as follows:

1) A § 1983 claim for violation of Plaintiff's First Amendment rights because Defendant Burnett contributed to Plaintiff's inability to communicate freely with his wife;

2) A § 1983 claim for violation of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights because Defendant Burnett apparently assisted in the removal of Plaintiff's wife from their home on August 18, 2012;

3) A § 1983 claim for violation of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights because of Defendant Burnett's harassment and abuse of Plaintiff, as well as Defendant Burnett's direction of Officer Meeks to commit the same offenses;

4) A § 1985 claim for conspiracy to violate Plaintiff's constitutional rights by ordering Officer Meeks to interfere with Plaintiff's home;

5) A § 1985 claim for conspiracy with the other named Defendants, to remove Plaintiff's wife from their Portales home;

6

6) A § 1986 claim because Defendant Burnett was aware of, and failed to prevent, the other named Defendants from conspiring to violate Plaintiff's civil rights; and

7) A § 1988 claim for attorneys' fees based on Plaintiff's §§ 1983, 1985, and 1986 causes of action against Defendant Burnett.

Each of Plaintiff's § 1983 claims may only be brought against a state actor. Because I find that Defendant Burnett is not a state actor, I recommend dismissal of Plaintiff's § 1983 claims on that basis. I recommend that Plaintiff's § 1985 claims be dismissed because Plaintiff has not sufficiently pled the existence of a conspiracy. Finally, because Plaintiff has not properly pled a § 1985 claim, any §§ 1986 or 1988 claims should also be dismissed.

### A.  Defendant Randal Burnett is Not a State Actor and therefore is not Subject to Liability Under Section 1983

While Plaintiff alleges that Defendant Burnett is "a state licensed official", Plaintiff provides no further detail as to Defendant Burnett's state employment, or any other indication that Defendant Burnett is acting under color of state law. *Doc. 1* ¶ 4. The Court infers, however, that Plaintiff reached his conclusion about Defendant Burnett's position based on Defendant Burnett's appointment as trustee of Mrs. Taylor's estate. *See id.* ¶ 24. Defendant Burnett, for his part, argues that his appointment as trustee does not make him a state actor and he therefore is not a proper party to Plaintiff's action. *Doc. 17* at 8.

"[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotation marks and citation omitted). Accordingly, unless Defendant Burnett's appointment as a trustee renders him a state actor, he cannot be liable for any of Plaintiff's § 1983 claims.

Defendant Burnett cites several cases that stand for the proposition that a court appointed individual does not become a state actor merely by virtue of their appointment. *See, e.g., Bangerter v. Roach*, 467 F. App'x 787, 788-89 (10th Cir. 2012). The Court in *Bangerter* reached its conclusion by relying on the reasoning of a prior Tenth Circuit case, *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986). As the Court there explained, the key factor in determining whether or not an individual is a state actor is not whether the individual exercises power granted by the State, but rather whether the individual owes her primary duty of loyalty to the State. *Meeker*, 782 F.2d at 155. So, the fact that a public defender is employed by the State does not make that attorney a state actor because the attorney owes his primary duty of loyalty to his client and not the State. *Id.* Likewise, a guardian ad litem is appointed by a court, but owes her primary duty to her minor client. *Id.*

Whether Defendant Burnett is a trustee or a conservator,[2] for these purposes it is a distinction without a difference: trustees and conservators are held to the same fiduciary duties and standards of care under New Mexico law. *See* N.M. Stat. § 45-5-41.  And those fiduciary duties are owed not to the State, but to the individual the conservator or trustee serves.  N.M. Stat. §§ 45-5-417, 46A-8-801.  Thus, while Defendant Burnett was court-appointed, his primary duty was to Mrs. Taylor, not to the State.  Because his primary duty was owed to Mrs. Taylor, like a public defender or guardian ad litem, Defendant Burnett is not a state actor.

Since Defendant Burnett is not a state actor, he cannot be subject to liability under Section 1983.  I therefore recommend that Plaintiff's Section 1983 claims against Defendant Burnett be dismissed.

### B.    Plaintiff's § 1985 Claims against Defendant Burnett are Insufficiently Specific and Should be Dismissed

Plaintiff also alleges that Defendant Burnett conspired with the co-Defendants in this action to violate his civil rights under Section 1985.  Because Plaintiff's causes of action for conspiracy are not set forth with sufficient detail to support his claims, I recommend that they be dismissed.

---

[2] Plaintiff's Complaint refers to Defendant Burnett as "trustee" (*doc. 1* ¶ 24), but Defendant Burnett refers to himself as a "conservator" (*doc. 17* at 2).

9

Section 1985 is composed of three different subsections. Since Plaintiff has not specified the subsection under which he brings his Section 1985 claim, I assess his allegations under all three subsections. Subsection 1985(1) prohibits conspiracy "to prevent by force, intimidation, or threat, any person from holding an office under the United States or from discharging the duties thereof. A viable § 1985(1) cause of action requires allegations of class-based or racial discriminatory animus." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Under Section 1985(2), Plaintiff must plead that Defendant Burnett "conspire[d] to deter, by force, intimidation, or threat, any party or witness from attending or testifying in a federal court." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (emphasis omitted). A plaintiff seeking recovery for a private conspiracy in violation of § 1985(3) must show "(i) a conspiracy, motivated by racially-discriminatory animus; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom." *Archuleta v. City of Roswell*, slip op., 2012 WL 4950324, at *5 (D.N.M. Sept. 30, 2012).

Section 1985 allegations of conspiracy must be pled with specificity. *Brever*, 40 F.3d at 1126. Nowhere does Plaintiff allege that Defendant Burnett's actions were motivated by racial or class based animus as required for a claim raised under Sections 1985(1) or (3). The absence of such an allegation is

10

sufficient basis alone to dismiss Plaintiff's causes of action. *See, e.g., Santistevan*, 732 F.2d at 118. As for Section 1985(2), Plaintiff has failed to allege any facts showing that Defendant Burnett conspired with the intent to interfere with a party or witness testifying in federal court – his conspiracy claims relate only to Defendant Burnett's interference with Plaintiff's residence and his relationship with his wife. Without such allegations, Plaintiff cannot sustain a claim under Section 1985(2).

Because Plaintiff has not pled facts necessary to support a claim for conspiracy under Section 1985, I recommend that Defendant Burnett's motion to dismiss these claims be granted.

### C. Because Plaintiff Has Not Stated a Cause of Action Under §§ 1983 or 1985, He Cannot Sustain a Claim Under §§ 1986 or 1988

The existence of a cognizable § 1986 claim is dependent on the existence of a valid § 1985 claim. *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985). For the reasons discussed in Section III.B, Plaintiff has failed to plead a valid § 1985 claim. Therefore, any § 1986 claim Plaintiff alleges must also fail. Further, § 1988 only allows for the award of attorneys' fees upon the success of a civil rights action, and Plaintiff has failed to plead the existence of a §§ 1983, 1985, or 1986 action. Therefore, Plaintiff's § 1988 claim against Defendant Burnett also fails.

11

**D.     Plaintiff's Motion to Impose Sanctions and Motion to Strike Exhibits are Moot**

Plaintiff has requested that the Court sanction Defendant Burnett and strike the exhibits attached to Defendant Burnett's Motion on the basis that the exhibits are fraudulent. *Docs. 62, 70*. Because I have evaluated Defendant's Motion under the Rule 12(b)(6) standard, I have not considered the attached exhibits. *See Hall*, 935 F.2d at 1109. Plaintiff's motions in relation to the exhibits are therefore moot.

Further, Plaintiff's motions contain only conclusory assertions as to the fraudulent nature of the exhibits in question. I see no indication that the exhibits are the product of any attempt on the part of Defendant Burnett to mislead the Court. For this reason as well, I recommend that the Court deny Plaintiff's motions.

**IV.     CONCLUSION**

Plaintiff has failed to establish that Defendant Burnett is a state actor, and therefore his § 1983 claims against Defendant Burnett should be dismissed. Further, Plaintiff's § 1985 claims lack necessary factual allegations and should be dismissed. Finally, both Plaintiff's §§ 1986 and 1988 claims fail as a result of his inability to establish §§ 1983 or 1985 claims, and should also be dismissed.

I therefore recommend that Defendant Burnett's Motion to Dismiss be granted in its entirety and all claims against him be dismissed without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**