IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                      CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Plaintiff's Petition for Emergency Temporary Guardianship and Conservatorship of Clara Zell Taylor and/or Motion to Freeze All Assets of Clara Zell Taylor. *Doc. 49*. Having reviewed Plaintiff's Petition, I conclude that it should be denied.

This case arises from Plaintiff's Complaint filed January 8, 2013, in which he alleges numerous constitutional violations under 42 U.S.C. §§ 1983,1985, and 1986 against the named Defendants arising from a series of events beginning in April 2009, and culminating in the August 2012 removal of Plaintiff's wife, Clara Zell Taylor, from their shared home in Portales, New Mexico. *See generally doc. 1*. Among the claims Plaintiff brings is that Randall Burnett was fraudulently appointed as Trustee of Plaintiff's wife's estate. *Id.* ¶¶ 20, 24.

In addition to the Complaint, Plaintiff filed the instant petition on March 11, 2013. *Doc. 49*. In the Petition, he requests either that he be appointed legal guardian of

his wife or, in the alternative, that the Court freeze his wife's assets. *Id.* at 1-2. Plaintiff seeks, in other words, for this Court to overturn the guardianship decision of a state court. Federal courts, other than the Supreme Court, lack the jurisdiction to review and countermand decisions of state courts in civil cases. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This prohibition applies where the "relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Plaintiff's Petition seeks just such relief. As such, the *Rooker-Feldman* doctrine dictates that it be denied.[1]

Alternatively, Plaintiff asks this Court to freeze all of Ms. Chapman's assets. The Court also lacks jurisdiction over this request. Freezing the assets would directly contradict the state court's order which has granted the authority over the trust assets as trustee. *See* NMSA 1978, § 46A-2-203 ("The district court has exclusive jurisdiction of all proceedings involving a trust). Consequently, the *Rooker-Feldman* doctrine applies with equal force to this request. Moreover, Plaintiff lacks standing to seek this relief as he is not a beneficiary thereto. *See e.g. Mitchell v. Wallace*, 2009 WL 6662902, at *1 (N.M. Ct. App. Nov. 17, 2009) (affirming dismissal for lack of standing because trial court found

---

[1] The *Rooker-Feldman* doctrine does not apply to claims against entities that were not parties to the underlying state case. *See Lance v. Dennis*, 546 U.S. 459, 464-66 (2006). The undersigned concludes that the Petition, as opposed to the full Complaint, involves only persons that were parties in the underlying state case. Even if this is not the case, the law of preclusion would have the same effect. Federal courts must give state court decisions the same preclusive force they have in state court. See 28 U.S.C. § 1738. New Mexico does not permit collateral attacks on guardianship decisions. *See State ex rel. Hockenhull v. Marshall*, 58 N.M. 286, 292 (1954).

"the Appellant has no interest in the estate…or in the…Trust"); *Mitchell v. Wallace*, 2009 WL 6662905, at *2 (N.M. Ct. App. Dec. 3, 2009) ("she has no standing as a beneficiary of the Trust or Estate").

Based on the foregoing, I recommend that the Court deny Plaintiff's Petition.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**