IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                                               CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## ORDER STAYING CASE

THIS MATTER is before the Court on Defendants County of Roosevelt's and Shawn Gore's Motion to Stay Discovery, (*doc. 61*). The motion is fully briefed (*docs. 71, 74*) and the Court, being so advised, will grant the motion.

**I.     BACKGROUND**

Plaintiff is a ninety-eight year old man residing in Portales, New Mexico. *Doc. 1* ¶¶ 1, 23. On January 8, 2013, Plaintiff filed a Complaint "pursuant to [42 U.S.C.] sections 1983, 1985, 1986, and 1988" alleging numerous federal constitutional violations against each of the named Defendants relating to their interference with Plaintiff and his wife, culminating in the removal of Plaintiff's wife from their shared home. *See generally id.* Plaintiff's claims against Defendants Roosevelt County and Deputy Gore relate to the county police department's participation in the stated constitutional violations.

On March 27, 2013, Defendants Roosevelt County and Gore concurrently filed a motion for summary judgment on the basis of qualified immunity and a motion to stay discovery pending the outcome of their summary judgment motion. *Docs. 60, 61*. Plaintiff filed his response on March 28, 2013 (*doc. 71*) and Defendants replied on April 2, 2013 (*doc. 74*).

II.  **STANDARD OF REVIEW**

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive

motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.  ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay is appropriate. Both Defendants have raised a qualified immunity defense. *See doc. 60*. Plaintiff's only response to Defendants' request for a stay is to contest whether Defendants have qualified immunity. *See doc. 71.* This argument is appropriate for Plaintiff's response to Defendants' motion for summary judgment; it does not militate against a stay of discovery while the Court considers that motion.

The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. Defendant Gore is a public official and is therefore entitled to raise a qualified immunity defense. Although the County of Roosevelt is not entitled to qualified immunity, its liability is contingent on that of Defendant Gore. *See Hinton v. City of Elwood, Kan.*, 997 F.3d 774, 782-83 (10th Cir. 1993) (explaining that

where there was no underlying constitutional violation, a finding of qualified immunity for the official in question would also excuse municipal liability).  Any further discovery regarding the County would likely implicate Defendant Gore, thereby impinging upon his immunity.  Therefore, this matter must be stayed.

**IV.    CONCLUSION**

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery, (*doc. 61*), is GRANTED.  All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' qualified immunity motion.  *See doc. 60.*

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE