IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                                  CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendants Ford, Walker, Chapman, and Dickson's Motion to Dismiss the Complaint on the basis of Federal Rule of Civil Procedure 12(b)(6). *Doc. 46.* Having reviewed the Motion and the accompanying briefing (*docs. 78, 79*), I find Defendants' Motion well taken and I recommend that the Court grant it.

**I.   BACKGROUND**

The general factual and procedural background surrounding this case has been set forth in my Report and Recommendations pertaining to Defendant Burnett's Motion to Dismiss. *See doc. 92.* As to the specific Defendants named in this Motion, Plaintiff alleges that they were each involved in the decision to remove Mrs. Taylor from the home in Portales, and that Defendant Ford actively participated in Mrs. Taylor's removal on August 18, 2012. *Doc. 1 ¶¶ 22, 27, 30, 31.*

Defendants filed their Motion on March 7, 2013, and the Motion was fully briefed on April 10, 2013.

## II.     THE LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations."  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)).  When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief."  *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  The court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations,  the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756

(10th Cir. 2010).  Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (internal citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The court is not required to accept conclusions of law or the asserted application of law to the alleged facts.  *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  Nor is the Court required to accept as true legal conclusions that are presented as factual allegations.  *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party.  *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).  But "[t]his liberal treatment is not without limits, and 'this court has

3

repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (*quoting Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III. ANALYSIS

The legal framework of each of Plaintiff's causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 have been set forth in my previous Report and Recommendations on Defendant Burnett's Motion to Dismiss. *See doc. 92*. I read Plaintiff's Complaint as raising the following claims against Defendants Ford, Walker, Chapman, and Dickson:

1) A § 1983 claim for violation of Plaintiff's First Amendment rights because each of the Defendants contributed to Plaintiff's inability to communicate freely with his wife;

2) A § 1983 claim for violation of Plaintiff's Fourth Amendment rights against each of the Defendants because they allegedly assisted in the removal of Plaintiff's wife from her home on August 18, 2012;

3) A § 1983 claim for violation of Plaintiff's Eighth and Fourteenth Amendment rights against Defendant Ford, also for assisting in the removal of Plaintiff's wife from her home on August 18, 2012;

4) A § 1985 claim against each of the Defendants for conspiracy with the other named Defendants to violate Plaintiff's Eighth Amendment rights by removing Plaintiff's wife from her home on August 18, 2012;

4

5) A § 1986 claim alleging that each of the named Defendants were aware of, and failed to prevent, the other named Defendants from conspiring to violate Plaintiff's civil rights; and

6) A § 1988 claim for attorneys' fees based on Plaintiff's §§ 1983, 1985, and 1986 causes of action against each of the Defendants.

Each of Plaintiff's § 1983 claims may only be brought against a state actor. Because I find that none of the Defendants is a state actor, I recommend dismissal of Plaintiff's § 1983 claims on that basis. I recommend that Plaintiff's § 1985 claims be dismissed because Plaintiff has not sufficiently pled the existence of a conspiracy. Finally, because Plaintiff has not properly pled a § 1985 claim, any §§ 1986 or 1988 claims should also be dismissed.

### A. Defendants Ford, Walker, Chapman, and Dickson are Not State Actors and Therefore are not Subject to Liability Under Section 1983

Plaintiff alleges that each of the Defendants is being sued in their "individual and official capacity." *Doc. 1* ¶¶ 5, 6, 7, 13. He does not, however, explain how they qualify as state actors. Nor can I, after a careful reading of the Complaint, find any source of authority for Plaintiff's assertion that they are state actors. "[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,

5

1447 (10th Cir. 1995) (internal quotation marks and citation omitted). "[P]rivate conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim." *Read v. Klein*, 1 Fed. App'x 866, 870 (10th Cir. 2001) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). While it is true that the Defendants named here did avail themselves of state legal procedures, this action is insufficient to render them state actors. *Read*, 1 F. App'x at 871. Moreover, the fact that Defendants Ford and Walker were appointed by the state court as co-guardians for Plaintiff's wife does not make them state actors. *See Bangerter v. Roach*, 467 F. App'x 787, 788-89 (10th Cir. 2012). Because none of the Defendants are state actors, Plaintiff's § 1983 claims against each of them should be dismissed.

> **B.     Plaintiff's § 1985 Claims against Defendants Ford, Walker, Chapman, and Dickson are Insufficiently Specific and Should be Dismissed**

Plaintiff also alleges that each of the Defendants conspired with the co-Defendants in this action to violate his civil rights under § 1985. Because Plaintiff's causes of action for conspiracy are not set forth with sufficient detail to support his claims, I recommend that they be dismissed.

Section 1985 is composed of three different subsections. Since Plaintiff has not specified the subsection under which he brings his § 1985 claim, I assess his allegations under all three subsections. Subsection 1985(1) prohibits conspiracy

6

"to prevent by force, intimidation, or threat, any person from holding an office under the United States or from discharging the duties thereof. A viable § 1985(1) cause of action requires allegations of class-based or racial discriminatory animus." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Under § 1985(2), Plaintiff must plead that each of the Defendants "'conspire[d] to deter, by force, intimidation, or threat, any party or witness' from attending or testifying in a federal court." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (emphasis omitted). A plaintiff seeking recovery for a private conspiracy in violation of § 1985(3) must show "(i) a conspiracy, motivated by racially-discriminatory animus; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom." *Archuleta v. City of Roswell*, slip op., 2012 WL 4950324, at *5 (D.N.M. Sept. 30, 2012).

Section 1985 allegations of conspiracy must be pled with specificity. *Brever*, 40 F.3d at 1126. Nowhere does Plaintiff allege that any of the Defendants' actions were motivated by racial or class based animus as required for a claim under §§ 1985(1) or (3). The absence of such an allegation is sufficient basis alone to dismiss Plaintiff's causes of action. *See, e.g., Santistevan*, 732 F.2d at 118. As for Section 1985(2), Plaintiff has failed to allege any facts showing that any of the Defendants conspired with the intent to interfere with a party or witness

7

attending or testifying in federal court—his conspiracy claims relate only to the Defendants' interference with Plaintiff's residence and his relationship with his wife. *See doc. 1* ¶ 22. Without such allegations, Plaintiff cannot sustain a claim under Section 1985(2).

Because Plaintiff has not pled facts necessary to support a claim for conspiracy under Section 1985, this claim should be dismissed as to Defendants Ford, Walker, Chapman, and Dickson.

### C. Because Plaintiff Has Not Stated a Cause of Action Under §§ 1983 or 1985, He Cannot Sustain a Claim Under §§ 1986 or 1988

The existence of a cognizable § 1986 claim is dependent on the existence of a valid § 1985 claim. *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985). For the reasons discussed in Section III.B, Plaintiff has failed to plead a valid § 1985 claim. Therefore, any § 1986 claim Plaintiff alleges must also fail. Further, § 1988 only allows for the award of attorneys' fees upon the success of a civil rights action, and Plaintiff has failed to plead a valid §§ 1983, 1985, or 1986 action. *See* 42 U.S.C. § 1988. Therefore, Plaintiff's § 1988 claim against Defendants also fails.

## IV. CONCLUSION

Plaintiff has failed to establish that Defendants Ford, Walker, Chapman, and Dickson are state actors, and therefore his § 1983 claims should be dismissed. Further, Plaintiff's § 1985 claims lack necessary factual allegations and should be dismissed.

Finally, both Plaintiff's §§ 1986 and 1988 claims fail as a result of his inability to establish §§ 1983 or 1985 claims, and should also be dismissed.

I therefore recommend that Defendants' Motion to Dismiss be granted in its entirety and all claims against them be dismissed without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**