IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

    v.                                                                CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO EXTEND

This matter is before the Court on Defendant Drew Tatum's opposed Motion For Extension of Time to File Answer, filed February 5, 2013. *Doc. 33.* Plaintiff filed his Complaint on January 8, 2013 (*doc. 1*) and the summons to Defendant was returned executed on February 4, 2013, showing that Defendant was served on January 11, 2013 (*doc. 30*). Defendant's answer was therefore due on February 1, 2013. *See* Fed. R. Civ. P. 6(a), 12(a)(1)(A)(i). Defendant filed the instant motion for an extension on February 5, 2013, and his Answer on February 6, 2013, both within a week of the deadline. *Docs. 33, 35*.

Defendant argues that his motion should be granted because his delay in filing his Answer arose from a combination of events beyond his control. Defendant retained counsel on January 28, 2013, seventeen days after being served, which he contends is a legitimate delay given that Defendant, as a state actor, had to rely on the State to

appoint him counsel. *Doc. 42* at 5-6. Once retained, his counsel required time to respond to Plaintiff's lengthy and "fact intensive" Complaint, and because Plaintiff did not return the summons until February 4, 2013, counsel was not, until that date, aware of when the answer was due. *Doc. 33* at 1-2. He further argues that Plaintiff has suffered no prejudice by the late filing of Defendant's answer, particularly in light of the brevity of the delay. *Doc. 42* at 4-5. Plaintiff argues that Defendant has failed to show good cause as to why an extension should be granted, both because Defendant is a judge and therefore should have been aware of the legal effect of being served the Complaint and because Defendant has provided no reasonable excuse as to why he failed to retain counsel for two weeks after he was served. *Doc. 37* at 1-2. Plaintiff separately moved for Default Judgment against Defendant. *Doc. 63.*

Extensions of time should generally be requested prior to the expiration of the twenty-one day period set forth in Federal Rule of Civil Procedure 12(a)(1)(A)(i), but may be sought by motion after the expiration of the period upon a showing of excusable neglect. Fed. R. Civ. P. 6(b). A showing of excusable neglect "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 547 (D.N.M. 2011) (*quoting In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)). The Court finds that Defendant has satisfied these requirements: he demonstrated good faith by filing the

answer as quickly as practicable (and only a few days late), and he provided a reasonable basis for the delay in retaining counsel that resulted in the late filed answer.

Wherefore, the Court GRANTS Defendant's Motion (*doc. 33*) and accepts Defendant's filed Answer. As it seeks default judgment based on Defendant Tatum's late answer, the Court will DENY Plaintiff's Motion for Default Judgment against Defendant (*doc. 63*). Because the Court grants Defendant's Motion, the Court further DENIES Plaintiff's Motions to Strike Defendant's Answer (*doc. 39*), to Strike Defendant's Reply (*doc. 64)*, and to Strike Defendant's Response (*doc. 68*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE