IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                        CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Burns' Motion for Summary Judgment. *Doc. 88.* Having reviewed the Motion, I find it well taken. I therefore recommend granting Defendant's Motion.

**I.  BACKGROUND**

The general factual and procedural background of this matter is set forth in my first Proposed Findings and Recommended Disposition. *See doc. 92.*

Defendant Burns is the long time attorney for Mrs. Taylor's family. *Doc. 88* at 3, Ex. 1 ¶ 2. Throughout the time period covered by the Complaint, she represented Mrs. Taylor's biological grandchildren, including assisting them in securing guardianship of Mrs. Taylor. *Id.,* Ex. 1 ¶¶ 11, 44, 48. She was present during the removal of Mrs. Taylor from Plaintiff's Portales home on August 18, 2012. *Doc. 1* ¶ 32; *Doc. 88,* Ex. 1 ¶ 63.

1

Defendant Burns moved for summary judgment on April 18, 2013. *Doc. 88*. Plaintiff did not file a response to her motion. On May 15, 2013, Defendant filed a notice of briefing complete. *Doc. 103.*

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.") (internal quotation marks omitted). Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the

substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999). Third, the court cannot decide any issues of credibility. *See Liberty Lobby*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (*quoting Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III.  UNDISPUTED FACTS[1]

1. Defendant Kathleen Burns is a private attorney licensed to practice in New Mexico. She has served as Mrs. Zell Taylor's attorney since 1992. *Doc. 88*, Ex. 1 ¶¶ 1-2, 72-73.

2. In that capacity, Defendant Burns advised Mrs. Taylor and her grandchildren on the administration of certain family trusts in 2009 and 2010. *Id.* ¶¶ 11-17.

3. Mr. Randall Burnett was appointed Trustee of Mrs. Taylor's trusts in late 2010. *Id.* ¶ 17.

4. Through her relationship with the Taylor family, Defendant Burns became aware of Mrs. Taylor's failing health and Plaintiff's family's apparent interference with the administration of Mrs. Taylor's medical care beginning approximately in late 2010. *Id.* ¶¶ 21, 24-26, 30.

5. On July 31, 2012, the Ninth Judicial District Court entered an order appointing D'Lyn Ford and Julie Chapman Walker as temporary guardians of Clara Zell Chapman a/k/a Zell Chapman. Randall Burnett was appointed as temporary conservator of Zell Chapman's non-trust assets. *Id.* ¶ 44. The appointments were made on the basis of Zell Chapman's alleged incapacity. This order was in effect on August 18, 2012.

---

[1] All material facts set forth in the motion for summary judgment are deemed undisputed since Plaintiff did not file a response controverting any of them. D.N.M.LR-Civ. 56.1(b).

6. Under New Mexico law, unless inconsistent with the order establishing guardianship or some other court order, "a guardian is entitled to custody of the incapacitated person and may establish the incapacitated person's place of abode within or without New Mexico." N.M. Stat. § 45-5-312(B)(1). The language of the court order in this case is not inconsistent with the guardians having this authority with respect to Zell Chapman. No other court order which is inconsistent with this authority has been submitted to the Court and Plaintiff has not argued that one exists.

7. On or about August 2012, Defendant Ford advised Defendant Burns that she wanted to visit Mrs. Taylor, but feared to do so because of the presence of Plaintiff's family members. Because of prior interactions with Plaintiff's family, Defendant Burns was also afraid of visiting Mrs. Taylor. *Doc. 88*, Ex. 1 ¶¶ 54-55.

8. After speaking with Mrs. Taylor's caregiver Sandra Sewarsky, Defendant Ford became sufficiently concerned about Mrs. Taylor's well-being that she made the decision to remove Mrs. Taylor from her home at 1521 S. Abilene Avenue. *Id.* ¶¶ 58-60, 68.

9. On August 18, 2012 Defendant Burns arrived with Defendant Ford at 1521 S. Abilene Avenue. They were accompanied by Defendant Gore and a City of Portales police officer. Defendant Burns entered the residence and remained in the kitchen while Defendant Ford entered one of the bedrooms and retrieved

5

Mrs. Taylor. Defendant Burns then assisted Defendant Ford in removing Mrs. Taylor from the residence and transporting her to the Retirement Ranch, a residential facility in Clovis. *Id.* at ¶¶ 63, 70.

## IV.   ANALYSIS

The legal framework of each of Plaintiff's causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 have been set forth in my previous Report and Recommendations on Defendant Burnett's Motion to Dismiss. *See doc. 92*. I read Plaintiff's Complaint as raising the following claims against Defendant Burns:

1) A § 1983 claim for violation of Plaintiff's First Amendment rights because Defendant Burns contributed to Plaintiff's inability to communicate freely with his wife;

2) A § 1983 claim for violation of Plaintiff's Fourth Amendment rights for assisting in the removal of Plaintiff's wife from her home on August 18, 2012;

3) A § 1983 claim for violation of Plaintiff's Eighth and Fourteenth Amendment rights, also for assisting in the removal of Plaintiff's wife from her home on August 18, 2012;

4) A § 1985 claim for conspiracy with the other named Defendants to violate Plaintiff's Eighth Amendment rights by removing Plaintiff's wife from her home on August 18, 2012;

5) A § 1986 claim alleging that Defendant Burns was aware of, and failed to prevent, the other named Defendants from conspiring to violate Plaintiff's civil rights; and

6) A § 1988 claim for attorneys' fees based on Plaintiff's §§ 1983, 1985, and 1986 causes of action against Defendant Burns.

Each of Plaintiff's § 1983 claims may only be brought against a state actor. Because I conclude that Defendant Burns is not a state actor, I recommend granting Defendant's Motion for Summary Judgment denying Plaintiff's § 1983 claims on that basis. I recommend that Plaintiff's § 1985 claims be denied because Plaintiff has not sufficiently pled the existence of a conspiracy. Finally, because Plaintiff has not properly pled a § 1985 claim, any §§ 1986 or 1988 claims should also be dismissed.

    A.    **Defendant Burns is Not a State Actor and Therefore is not Subject to Liability Under Section 1983**

Plaintiff alleges that each of the Defendants is being sued in their "individual and official capacity." *Doc. 1* ¶¶ 2-13. He does not, however, explain how Defendant Burns qualifies as a state actor. Defendant Burns attests that she is not, nor has ever been, employed by the state. *Doc. 88*, Ex. 1 ¶¶ 72-73. Plaintiff has provided no evidence to controvert Defendant Burn's assertion. "[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it."

7

*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotation marks and citation omitted). "[P]rivate conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim." *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Because there is no evidence that Defendant Burns is a state actor, Plaintiff's § 1983 claims against her should be dismissed.

### B. Plaintiff's § 1985 Claims against Defendant Burns are Insufficiently Specific and Should be Denied

Plaintiff also alleges that Defendant Burns conspired with the co-Defendants in this action to violate his civil rights under § 1985. Because Plaintiff's causes of action for conspiracy are not set forth with sufficient detail to support his claims, I recommend that they be denied.

Section 1985 is composed of three different subsections. Since Plaintiff has not specified the subsection under which he brings his § 1985 claim, I assess his allegations under all three subsections. Subsection 1985(1) prohibits conspiracy "to prevent by force, intimidation, or threat, any person from holding an office under the United States or from discharging the duties thereof. A viable § 1985(1) cause of action requires allegations of class-based or racial discriminatory animus." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Under § 1985(2), Plaintiff must plead that Defendant Burns "'conspire[d] to deter, by force, intimidation, or threat, any party or witness' from attending or testifying in

8

a federal court." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (emphasis omitted). A plaintiff seeking recovery for a private conspiracy in violation of § 1985(3) must show "(i) a conspiracy, motivated by racially-discriminatory animus; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom." *Archuleta v. City of Roswell*, slip op., 2012 WL 4950324, at *5 (D.N.M. Sept. 30, 2012).

Section 1985 allegations of conspiracy must be pled with specificity. *Brever*, 40 F.3d at 1126. Nowhere does Plaintiff allege that Defendant Burns' actions were motivated by racial or class based animus as required for a claim under § 1985(1) or (3). Nor does Plaintiff provide any evidence that would support such an inference. The absence of such an allegation or evidence to support such an inference is a sufficient basis on which to deny Plaintiff's causes of action. *See, e.g., Santistevan*, 732 F.2d at 118. As for Section 1985(2), Plaintiff has failed to allege any facts, nor set forth any evidence, showing that Defendant Burns conspired with the intent to interfere with a party or witness attending or testifying in federal court—his conspiracy claims relate only to Defendant Burns' interference with Plaintiff's residence and his relationship with his wife. *See doc. 1* ¶ 22. Without such allegations, Plaintiff cannot sustain a claim under Section 1985(2).

Because Plaintiff has not pled facts nor set forth the evidence necessary to support a claim for conspiracy under Section 1985, this claim against Defendant Burns should be denied.

### C. Because Plaintiff Has Not Stated a Cause of Action Under §§ 1983 or 1985, He Cannot Sustain a Claim Under §§ 1986 or 1988

The existence of a cognizable § 1986 claim is dependent on the existence of a valid § 1985 claim. *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985). For the reasons discussed above, Plaintiff has failed to plead a valid § 1985 claim. Therefore, any § 1986 claim Plaintiff alleges must also fail. Further, § 1988 only allows for the award of attorneys' fees upon the success of a civil rights action, and Plaintiff has failed to plead a valid §§ 1983, 1985, or 1986 action. *See* 42 U.S.C. § 1988. Therefore, Plaintiff's § 1988 claim against Defendant Burns also fails.

### IV. CONCLUSION

On summary judgment, the reviewing court must determine whether there is sufficient evidence to show that the moving party is entitled to judgment as a matter of law, even having resolved all reasonable inferences in favor of the non-moving party. Here, Plaintiff has failed to set forth any facts or evidence that establish that Defendant Burns is a state actor, and therefore his § 1983 claims should be denied. Similarly, Plaintiff's § 1985 claims lack both factual and evidentiary support and should be denied.

Finally, both Plaintiff's §§ 1986 and 1988 claims fail as a result of his inability to establish §§ 1983 or 1985 claims, and should also be dismissed.

I therefore recommend that Defendant Burns' Motion For Summary Judgment be granted in its entirety, and the claims against her be dismissed with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**