IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

     Plaintiff,

v.                                   CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Tatum's Motion to Dismiss on the Basis of Absolute Immunity. *Doc. 99.* Having reviewed the Motion, I find it well taken and recommend that the Court grant it.

**I.**    **BACKGROUND**

The general factual and procedural background of this matter is set forth in my first Proposed Findings and Recommended Disposition. *See doc. 92.*

Defendant Tatum is a judge in the Ninth Judicial District Court of the State of New Mexico. He issued the order appointing Defendants Chapman and Ford as temporary guardians of Mrs. Taylor and Defendant Burnett as her temporary conservator. *Doc. 60*, Ex. A at 2. It was under the authority granted to Defendant Ford in this order that Defendant Ford removed Mrs. Taylor from Plaintiff's Portales home on August 18, 2012. *Doc. 1* ¶¶ 30-31.

Defendant Tatum filed his motion to dismiss on May 10, 2013. *Doc. 99.*

II.   <u>**DEFENDANT'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) IS PROPERLY CONSTRUED AS A RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

A motion brought under Federal Rule of Civil Procedure 12(b)(6) is untimely if filed after the party's answer.  *In re XP Entm't, LLC,* 2013 WL 542249, at \*2 (D. Colo. Feb. 12, 2013).  Defendant Tatum filed his Answer on February 6, 2013 (*doc. 35*), and his Motion to Dismiss on May 10, 2013 (*doc. 99*), rendering his motion untimely.  The Court may elect, however, to treat an untimely 12(b)(6) motion as a Rule 12(c) Motion for judgment on the pleadings.  *Id.* at \*3.  The difference is one of name rather than substance:  "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."  *Atl. Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000)).  Thus, in a Rule 12(c) motion, as in a Rule 12(b)(6) motion, the trial court is required to view the facts presented in the complaint as true and construe all reasonable inferences in favor of the nonmoving party.  *Id.*

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)).  When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  The court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).  Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party.  *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).  But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'"  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III.   ANALYSIS

Plaintiff's §§ 1983 and 1985 claims against Defendant Tatum relate solely to his actions as a judge in issuing the impugned temporary guardianship order on which Defendant Ford acted in removing Mrs. Taylor from the residence at 1521 S. Abilene Avenue.  *Doc. 1* ¶¶ 26, 45, 46, 53.  Defendant Tatum asserts that he has absolute immunity from suit on the basis that at all times relevant to this suit, he was acting in his judicial capacity.  *Doc. 99* at 5.  I agree, and recommend that the Court grant Defendant Tatum's Motion on this basis.

The defense of absolute immunity is available to judges acting within their judicial jurisdiction.  *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).  As the Supreme Court has explained, the defense of judicial immunity cannot be negated by assertions that a judge has acted in bad faith or with malice.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").  "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12 (citations omitted).  Absolute immunity bars both §§ 1983 and 1985 claims.  *Hamilton v. Bartholomew*, 185 F.3d 874, at *3 (10th Cir. 1999) (upholding the

lower court's dismissal of §§ 1983 and 1985 claims against judge-defendants on the basis of absolute judicial immunity).

Plaintiff asserts that Defendant Tatum "knew or should have known" that issuing the temporary guardianship order "wouldn't be a judicial act as he lacked a lawful complaint to give him subject matter jurisdiction."  *Doc. 1* ¶ 53.  In fact, as Defendant Tatum correctly points out, the issuance of the impugned order in this case is definitely within the scope of his judicial authority.  *Doc. 99* at 8; N.M. Stat. §§ 45-5-310, 45-5-408 (allowing the state court to appoint temporary guardians and conservators for incapacitated individuals, respectively).  Plaintiff has not provided the Court with any other basis to indicate that Defendant Tatum does not have absolute judicial immunity in the case.  In the absence of any facts that could defeat Defendant Tatum's claim for immunity, his Motion should be granted.

IV.   CONCLUSION

For the forgoing reasons, I recommend that the Court treat Defendant Tatum's

Motion (*doc. 99*) as a motion for judgment on the pleadings pursuant to Federal Rule of

Civil Procedure 12(c) and GRANT it.  Consequently, I recommend that all claims

against him be dismissed with prejudice.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**