**FOR THE UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF NEW MEXICO**

GERALD TAYLOR,

       Plaintiff,

v.                                            CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

       Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter comes before the Court on Defendants Shawn Gore and Roosevelt County's Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds. *Doc. 60.* The Magistrate Judge filed his Proposed Findings and Recommended Disposition ("PFRD") concluding that Defendants' Motion should be granted because (1) Defendant Gore is entitled to qualified immunity; (2) the claims against Defendant County are either premised on a legally impermissible theory of *respondeat superior* or insufficiently pled to survive dismissal; and (3) the Court lacks jurisdiction over Plaintiff's state law claims. *Doc. 104.* Plaintiff filed his Objections to the PFRD on May 31, 2013 and June 6, 2013. *Docs. 108, 114, 124.*[1] In his Objections,

---

[1] *Although Plaintiff titled these documents as responses to and motions to strike Defendants' notice of briefing complete and reply brief as well as all of the Magistrate Judge's PFRDs, the Court construes them as objections.*

Plaintiff generally objects to the Magistrate Judge's PFRD and argues that the Magistrate Judge does not have the power to render judgment in this matter.  *Doc. 108, 114, 124* at 2-3.

## I.     STANDARD OF REVIEW

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d

2

1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## II.   PLAINTIFF'S OBJECTIONS ARE OVERRULED

Plaintiff does not provide specific objections to any aspect of the PFRD, but rather states generally that Defendants' Motion should not be granted.  Plaintiff fails to provide specific objections as required under Federal Rule of Civil Procedure 72(b)(2): "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file **specific** written objections to the proposed findings and recommendations." (Emphasis added).  Generally objecting to the content of the PFRD is insufficient to provide this Court with a basis to locate specific points of error in the Magistrate Judge's recommendations.  *See Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (citing *One Parcel*, 73 F.3d at 1059).

As to the Magistrate Judge's authority to hear this matter (*see doc. 124*), the Court directs Plaintiff to Federal Rule 72(b)(1): "A magistrate judge must promptly conduct the required proceedings when assigned, **without the parties' consent**, to hear a pretrial matter dispositive of a claim or defense . . . . " (Emphasis added).  Further, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636

provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).  The Court has properly followed the required statutory

procedures in referring this matter for recommendation to the Magistrate Judge and

issuing this order.

III.    CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and

recommendations.  Therefore, I OVERRULE Plaintiff's objections (*docs. 108, 114, 124*),

ADOPT the Magistrate Judge's PFRD (*doc. 104*), and GRANT Defendants' Motion (*doc.

60*).  All of Plaintiff's federal claims against the Defendants Shawn Gore and Roosevelt

County are hereby DISMISSED with prejudice, and Plaintiff's state law claims against

Defendant Roosevelt County are hereby DISMISSED without prejudice.  With all claims

against them dismissed, Defendants Shawn Gore and Roosevelt County are dismissed

as defendants.

_____

UNITED STATES DISTRICT JUDGE

4