FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                                     CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant Kathleen Haynes Burns' Motion for Summary Judgment. *Doc. 88.* On May 29, 2013, the Magistrate Judge filed his Proposed Findings and Recommended Disposition ("PFRD") concluding that Defendant's Motion should be granted because (1) Plaintiff's § 1983 claims fail because Defendant is not a state actor, (2) Plaintiff did not sufficiently plead the existence of a conspiracy under § 1985, and (3) the failure of Plaintiff's §§ 1983 and 1985 claims necessarily leads to the failure of any §§ 1986 or 1988 claims. *Doc. 105.* Plaintiff filed his Objections to the PFRD on May 31, 2013, June 3, 2013, and June 6, 2013. *Docs. 113, 122, 124.* [1] In his objections, Plaintiff argues that Defendant has admitted to Plaintiff's allegations and that the Magistrate Judge does not have the power to render judgment in this matter. *Doc. 113, 122* at 2-3, *124* at 2-3.

**I.  STANDARD OF REVIEW**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1). Rule 72(b)(2) governs objections: "[w]ithin 14 days after

---

[1] *Although Plaintiff titled these documents as responses to and motions to strike Defendant Burns' notice of briefing complete and motion for summary judgment and all of the Magistrate Judge's PFRDs, the Court construes them as objections.*

1

being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## II.    PLAINTIFF'S OBJECTIONS ARE OVERRULED

Plaintiff argues, via a numbered list, that Defendant Burns has "admitted" to a variety of allegations, including but not limited to conspiracy, slander, and perjury. *Doc. 122* at 2-3. Plaintiff does not, however, provide any evidence to substantiate any of these assertions, nor point to any place in the PFRD where the Magistrate Judge has erred. *Id.* Plaintiff fails to provide specific objections as required under Federal Rule of Civil Procedure 72(b)(2): "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file **specific** written objections to the proposed findings and recommendations." (Emphasis added). Generally objecting to the content of the PFRD is insufficient to provide this Court

with a basis to locate specific points of error in the Magistrate Judge's recommendations. *See Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (citing *One Parcel*, 73 F.3d at 1059).

As to the Magistrate Judge's authority to hear this matter (*see doc. 124*), the Court directs Plaintiff to Rule 72(b)(1): "A magistrate judge must promptly conduct the required proceedings when assigned, **without the parties' consent**, to hear a pretrial matter dispositive of a claim or defense . . . ." (Emphasis added).  Further, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).  The Court has properly followed the required statutory procedures in referring this matter for recommendation to the Magistrate Judge and issuing this order.

### III.  CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and recommendations.  Therefore, I OVERRULE Plaintiff's objections (*docs. 113, 122, 124*), ADOPT the Magistrate Judge's PFRD (*doc. 105*), and GRANT Defendant's Motion, (*doc. 88*). All of Plaintiff's claims against Defendant Haynes Burns are hereby DISMISSED with prejudice, and she is dismissed as a defendant.

_____
UNITED STATES DISTRICT JUDGE