FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                        CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter comes before the Court on Defendant Drew Tatum's Motion to Dismiss on the Basis of Absolute Immunity. *Doc. 99.* The Magistrate Judge filed his Proposed Findings and Recommended Disposition ("PFRD") concluding that Defendant's Motion be granted on the basis Defendant has shown that the actions for which he has been sued are all within the scope of his judicial authority. *Doc. 106* at 5. Plaintiff filed his Objections to the PFRD on May 29, 2013. *Docs. 118, 124.* In his Objections, Plaintiff asserts that Defendant Tatum is not entitled to absolute immunity primarily because he issued the temporary guardianship order in question without Plaintiff being present at the temporary guardianship hearing. *Doc. 118* at 2-3. He also argues that the Magistrate Judge does not have the power to render judgment in this matter. *Doc. 24.*

1

I.  **STANDARD OF REVIEW**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1). Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## II.   PLAINTIFF'S OBJECTIONS ARE OVERRULED

Plaintiff argues that Defendant Tatum is not entitled to absolute immunity because he acted beyond the scope of his judicial authority when he entered a temporary guardianship order without Plaintiff being present at the guardianship hearing. *See doc. 118* at 2-3. Plaintiff has not, however, provided any authority that supports the proposition that Plaintiff was entitled to be at the hearing or that his absence somehow invalidates Defendant Tatum's judicial authority.

Nor does Plaintiff's opinion reflect New Mexico statutory law. Under New Mexico Uniform Probate Code § 45-5-310(B), "[u]pon motion of the petitioner, the court shall schedule a hearing on the appointment of a temporary guardian for the earliest possible date, appoint counsel for the alleged incapacitated person and give notice as provided in [§] 45-5-309 [of the Uniform Probate Code]." N.M. Stat. § 45-5-310(B). A spouse of an incapacitated person must be given notice of the hearing regarding the permanent appointment of a guardian, but not the temporary appointment. N.M. Stat. § 45-5-309(A)(2).

Because the order at issue here was the order for temporary guardianship (*see doc. 60,* Ex. A), Plaintiff's absence did not preclude Defendant Tatum from appointing a temporary guardian. Because Plaintiff has not demonstrated that Defendant Tatum was acting outside his judicial authority, his objection to the Magistrate Judge's determination fails.

As to the Magistrate Judge's authority to hear this matter (*see doc. 124*), the Court directs Plaintiff to Federal Rule 72(b)(1): "A magistrate judge must promptly conduct the required proceedings when assigned, **without the parties' consent**, to hear a pretrial matter dispositive of a claim or defense . . . ." (Emphasis added).  Further, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).  The Court has properly followed the required statutory procedures in referring this matter for recommendation to the Magistrate Judge and issuing this order.

### III.   CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and recommendations.  Therefore, I OVERRULE Plaintiff's objections (*docs. 118, 124*), ADOPT the Magistrate Judge's PFRD (*doc. 106*), and GRANT Defendant's Motion (*doc.*

*99*).  All of Plaintiff's claims against Defendant Tatum are hereby DISMISSED with prejudice, and he is dismissed as a defendant.

_____
UNITED STATES DISTRICT JUDGE