IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                                 CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff's Motion to Disqualify, Recuse and Or, Remove Judge Herrera, Judge Wormuth and Related Motions and Orders. *Doc. 140*. Having reviewed Plaintiff's Motion and the applicable law, I recommend that Plaintiff's Motion be DENIED.

**I.  BACKGROUND**

The general factual and procedural background of this matter is set forth in my first Report and Recommendations. *See doc. 92*. On June 21, 2013, the Court entered its final order dismissing this case. Plaintiff's Motion, also filed on June 21, 2013, seeks to remove myself and Judge Herrera from this matter on the basis of bias against Plaintiff.

**II.  STANDARD OF REVIEW**

Two statutes govern the recusal of federal judges: 28 U.S.C. §§ 144 and 455. Section 144 allows a party who believes a judge is biased against them to move for the removal of that judge from his case. 28 U.S.C. § 144. "Under 28 U.S.C. § 144, [the party

must file] an affidavit of bias and prejudice [that is] timely, sufficient. made by a party, and accompanied by a certificate of good faith of counsel." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). This affidavit "must state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. The moving party bears the "substantial" burden of demonstrating the judge's lack of impartiality. *In re McCarthey*, 368 F.3d 1255, 1269 (10th Cir. 2004). "The simple filing of an affidavit does not automatically disqualify a judge" – upon receipt of such a motion, the impugned judge is required to evaluate the sufficiency of the motion. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

Section 455(a) requires that "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993)(citation omitted). In the Tenth Circuit, a motion to recuse must be brought in a timely manner. *Id.* at 993. "A motion to recuse cannot be based solely on adverse rulings." *Willner v. University of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).

**III. ANALYSIS**

Plaintiff contends that Judge Herrera is biased against Plaintiff because she has dismissed his causes of action against various former defendants in this case. *Doc. 140* at 1. According to Plaintiff, Judge Herrera's adverse rulings are "evidence of her appearance of collusions" with the former defendants and that Judge Herrera and I have acted "vindictive[ly]" and with "extreme prejudice" against Plaintiff throughout the adjudication of this matter. *Doc. 140* at 3, 6, 7.

Plaintiff has not provided the necessary affidavits for a motion for recusal under § 144. While Plaintiff is entitled to a liberal reading of his pleadings because he proceeds *pro se*, he is not exempt from meeting the Court's procedural requirements. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants."). As such, if construed as a motion for recusal under § 144, Plaintiff's motion fails.

I will also consider Plaintiff's motion as a motion brought under § 455. As the Tenth Circuit explained in *Cooley*, the test for whether or not a judge should recuse herself from a matter is an objective one: "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." 1 F.3d at 992 (citation omitted). Even if read generously,

Plaintiff's statements as to either judge's lack of impartiality do not rise to the level of factual support that would give the objective observer pause about the propriety of their involvement in this case. In fact, the only evidence of partiality on which the Plaintiff relies -- the rulings against him in this case – is a ground that is specifically excluded from providing a basis for recusal. Of course, accusations alone cannot provide the foundation for a successful recusal motion.

## IV.   CONCLUSION

In the absence of any evidence demonstrating a reasonable basis on which an objective observer could question the partiality of either judge in this case, I recommend that Plaintiff's Motion for Recusal be DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**