IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter is before me on Plaintiff's Motions to Vacate all Motions to Dismiss, all Orders and All Reports and Recommendations, and to Vacate the Final Order. *Docs. 141, 142.* Having reviewed Plaintiff's Motions and the applicable law, I recommend that Plaintiff's Motions be DENIED.

**I.    BACKGROUND**

The general factual and procedural background of this matter is set forth in my first Report and Recommendations. *See doc. 92.* On June 21, 2013, the Court entered its final order dismissing this case. Plaintiff's Motions filed on June 21, 2013 and July 17, 2013, seek to vacate all of the Court's orders dismissing the named Defendants as well as the final order closing this case. *Docs. 141, 142.*

**II.    STANDARD OF REVIEW**

Motions for reconsideration are not explicitly provided for in the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 229 F.R.D. 232, 234

(D.N.M. 2005) (*citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, after the court has entered a final order or judgment, a motion for reconsideration is considered a motion to alter or amend the judgment under Rule 59(e) if it is filed within twenty-eight days after such entry. FED. R. CIV. P. 59(e).

A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

### III. ANALYSIS

The Court entered a final order in this case on June 21, 2013. *Doc. 139.* Both of Plaintiff's Motions were filed after that order was entered and also within the Rule 59(e) twenty eight day time period. *Docs. 141, 142.* Further, both motions request the same relief: altering the Court's final judgments as to all of the former defendants. *Id.* Because Plaintiff proceeds *pro se*, and his briefing must be read with an eye to discerning any potential legal arguments that might be less than perfectly presented.

2

*Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).  As such, the Court will read both motions together.

Plaintiff's motions, while lengthy, are devoid of any reference to a change in controlling law or new evidence.  While Plaintiff does contend that the rulings against him in the case present manifest injustice, he provides no evidence to substantiate his claims beyond vague allegations of judicial misconduct.  As such, I find no basis on which to disturb the judgment.

### IV.   CONCLUSION

Because Plaintiff's dissatisfaction with this Court's rulings is not a basis for relief under Rule 59(e), I recommend that Plaintiff's Motions (*docs. 141, 142*) be DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**