IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TAYLOR,

    Plaintiff,

v.                                                    CIV No. 13-15 JCH/GBW

KATHLEEN M. HAYNES BURNS *et al.*,

    Defendants.

# ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Motion to Disqualify, Recuse and, or, Remove Judge Herrera, Judge Wormuth and Related Motions and Orders. *Doc. 140.* The Magistrate Judge filed his Proposed Findings and Recommended Disposition ("PFRD") concluding that Plaintiff's Motion should be denied because he has failed to demonstrate a basis for recusal under either 28 U.S.C. §§ 144 or 455. *Doc. 143.* Plaintiff filed his Objections to the PFRD on August 7, 2013. *Doc. 145.*[1]

## I.    STANDARD OF REVIEW

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1). Rule 72(b)(2) governs objections:

---

[1] The Court notes that Plaintiff styled his Objections as a Motion to Strike, but the substance of said Motion is objections to the Magistrate Judge's PFRDs filed July 26, 2013. *See docs. 143, 144, 145.*

"[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

II. PLAINTIFF'S OBJECTIONS ARE OVERRULED

In his PFRD, the Magistrate Judge noted that Plaintiff failed to comply with 28 U.S.C. § 144 when he failed to file the requisite affidavit that must accompany a motion to remove a judge for bias. *Doc. 143* at 1-2. Plaintiff in his Objections now submits an affidavit purporting to provide support for the assertion that I and the Magistrate Judge

are biased against him. In this affidavit, Plaintiff states that I am biased because I did not read any of Plaintiff's pleadings, denied Plaintiff his Seventh Amendment right to a trial by jury, and dismissed Plaintiff's case because I was angered by his filing of a judicial notice of law. *Doc.* 45 at 2-3. Magistrate Judge Wormuth's bias is allegedly demonstrated by his denial of Plaintiff's right to trial and by favoring the Defendants in this matter. *Id.* at 3.

First, as the Magistrate Judge explained in the PFRD, a § 144 motion must be accompanied by the affidavit when filed, and *pro se* parties are not excused from the court's procedural requirements. *Doc. 143* at 2-3. Plaintiff's failure to file his affidavit with his original motion is therefore fatal to his putative § 144 motion.

But, even if the Court did treat Plaintiff's affidavit as properly filed, it is insufficient to support a successful § 144 motion. Under 28 U.S.C. § 144, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification. The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *Berger v. United States*, 255 U.S. 22, 34 (1921)). Plaintiff provides no facts to support the contention that I dismissed this action *because* of his filing of a judicial notice of law. In fact, I dismissed the Defendants after both I and the Magistrate Judge read Plaintiff's briefing, excavated Plaintiff's viable claims from his near incomprehensible pleadings, and provided judgments that explained the reasons for which each of his

claims failed. As to Magistrate Judge Wormuth's supposed demonstration of favoritism towards Defendants, Plaintiff has presented no facts to support this conclusory statement. Therefore that allegation of bias also fails.

Finally, as to Plaintiff's right to a jury trial, the Seventh Amendment of the United States Constitution does provide for the right to a jury trial in civil cases. U.S. Cons. Amend. VII. Federal Rule of Civil Procedure 38 reflects this right by allowing a party to demand a trial by jury for any issue triable of right by a jury. However, the Federal Rules of Civil Procedure also provide constitutionally acceptable mechanisms for weeding out legally untenable lawsuits prior to submission to a jury. Fed. R. Civ. P. 12(b) & 56; *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 320 (1902) (upholding the constitutionality of civil summary judgment); *see also Calvi v. Knox County*, 470 F.3d 422, 427 (1st Cir. 2006) ("[A] grant of summary judgment does not compromise the Seventh Amendment's jury trial right because that right exists only with respect to genuinely disputed issues of material fact."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.") (internal quotation marks omitted); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (explaining that the Federal Rules authorize dismissal of a claim under 12(b) based on a dispositive issue of law). Because Plaintiff has provided no facts or legal argument

indicating that Rules 56 and 12(b) were inappropriately applied here, he has not demonstrated that he was denied his Seventh Amendment rights.

### III. CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and recommendations. Therefore, I OVERRULE Plaintiff's Objections (*doc. 145*) and ADOPT the Magistrate Judge's PFRD (*doc. 143*). Plaintiff's Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE